UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------

JOSEPHINE KIRKLAND-HUDSON,

                               Plaintiff,

          -against-

MOUNT VERNON CITY SCHOOL DISTRICT/BOARD OF EDUCATION; FELICIA GAON, Director of Student Services; SUSAN BURNETT, Special Education Supervisor; RACHEL DE PAUL, Assistant Director for Special Education; KARALYNE SPERLING, Special Education Supervisor; MARCIE E. TIGGS, Assistant Superintendent for Human Resources; and KENNETH R. HAMILTON, Superintendent of Schools.

                             Defendants.

-------------------------------------------

**ECF CASE**

**21 Civ. 695 (KMK) (AJK)**

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT

## OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................ 1

ARGUMENT ......................................................................................................................... 2

    I.    Legal Standard ............................................................................................................ 2

    II.   Defendants Would Not Be Prejudiced Should the Court Grant
    Plaintiff's Motion for Leave to file the Second Amended Complaint. ...................... 2

CONCLUSION ..................................................................................................................... 3

## TABLE OF AUTHORITIES

**Cases**

*Agerbrink v Model Serv. LLC*,
  155 F. Supp. 3d 448 (S.D.N.Y. 2016) ............................................................................ 2

*Block v. First Blood Associates*,
  988 F.2d 344 (2d Cir. 1993) ......................................................................................... 2

*Foman v. Davis,*
  371 U.S. 178 (1962) ..................................................................................................... 2

*In re Alcon Shareholder Litigation*,
  719 F. Supp. 2d 280 (S.D.N.Y. 2010) .......................................................................... 2

*McCarthy v. Dun & Bradstreet Corp.*,
  482 F.3d 184 (2d Cir. 2007) ......................................................................................... 2

*State Teachers Retirement Bd. v. Fluor Corp.*,
  654 F.2d 843 (2d Cir. 1981) ......................................................................................... 3

*T & N PLC v Fred S. James & Co. of NY, Inc.*,
  1991 U.S. Dist. LEXIS 13025 (SDNY Sep. 19, 1991) ................................................. 2

*United States ex rel. Maritime Admin. v. Continental Illinois Nat'l Bank and Trust Co. of Chicago*,
  889 F.2d 1248 (2d Cir. 1989) ....................................................................................... 2

**Rules**

Fed. R. Civ. P. 15(a) ......................................................................................................... 2

## PRELIMINARY STATEMENT

Plaintiff Josephine Kirkland-Hudson originally filed a complaint *pro se* with the United States District Court Southern District of New York ("Complaint") on January 26, 2021, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") based on race discrimination and retaliation; 42 U.S.C. § 1981; the Americans with Disabilities Act ("ADA"), as well as the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296 *et seq.*, against Defendants.  Plaintiff filed an amended complaint *pro se* as of right on March 30, 2021, adding an additional claim under the FMLA and adding an additional defendant Karalyne Sperling.  Defendants answered the Complaint on June 3, 2021.  Before Plaintiff retained counsel, an early mediation was scheduled before a mediator, and was held on August 4, 2021 before discovery commenced, which was not successful in resolving the case.

Plaintiff thereafter retained the law firm of Glass Harlow & Hogrogian LLP in the instant case, and the law firm made an appearance on September 30, 2021.  An initial case management conference was held before District Judge Karas on October 22, 2021, and the case was referred to Magistrate Judge Krause for pretrial discovery issues.  Several status conferences have been held with Magistrate Judge Krause, and the parties have exchanged written discovery documents, with a few outstanding documents still in dispute to be resolved and/or exchanged.  No depositions in the case have taken place yet to date, and the depositions scheduled were postponed at Defendants' request to review the proposed second amended complaint.

Given that a year had passed since the filing of the first amended complaint, and Plaintiff having suffered additional acts of retaliation over the past year, as well as having retained counsel and based in part that a complaint filed by counsel could be helpful, Plaintiff asked permission to file a second amended complaint filed by counsel, and to add additional acts of retaliation and two additional defendants who were named in the allegations of the previous complaint.  Defendants advised Plaintiff and the Court at the conference on March 14, 2022, that they would not consent to the second amended complaint, chiefly complaining that it would extend discovery in the case.  Magistrate Judge Krause agreed to hold off

scheduling of depositions at Defendants' request until the issue of whether the proposed second amended complaint, annexed as Exhibit 1, would be accepted.

## ARGUMENT

### I.       Legal Standard

Pursuant to Federal Rules of Civil Procedure 15(a), leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a).  Amendments are favored because they facilitate a proper decision on the merits. *Foman v. Davis,* 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").  Under this liberal standard, a motion to amend should be denied only if the moving party has unduly delayed or acted in bad faith, the opposing party will be unfairly prejudiced if leave is granted, or the proposed amendment is futile.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007); *In re Alcon Shareholder Litigation*, 719 F. Supp. 2d 280, 281 (S.D.N.Y. 2010); *Agerbrink v Model Serv. LLC*, 155 F. Supp. 3d 448, 452 (S.D.N.Y. 2016).  Absent a showing that significant additional discovery burdens will be incurred or that the trial of the matter will be significantly delayed, amendment should be permitted. *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993).

### II.      Defendants Would Not Be Prejudiced Should the Court Grant Plaintiff's Motion for Leave to file the Second Amended Complaint.

In the instant case, amending the First Amended Complaint to allow additional factual allegations would not prejudice the Defendants.  In determining whether a party would be prejudiced, the asserted prejudice must amount to more than mere inconvenience to the non-moving party. *See, e.g., T & N PLC v Fred S. James & Co. of NY, Inc.*, 1991 U.S. Dist. LEXIS 13025 (SDNY Sep. 19, 1991) at *3; *see also United States ex rel. Maritime Admin. v. Continental Illinois Nat'l Bank and Trust Co. of Chicago*, 889 F.2d 1248, 1255 (2d Cir. 1989)(burden of additional discovery alone insufficient to warrant denial of motion to

amend); *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (mere delay without demonstration of bad faith or undue prejudice insufficient to defeat motion to amend).

Here, this proposed amendment would not require the reopening of discovery. Allowing Plaintiff to amend the Complaint would not significantly delay litigation to require any party to expend substantial additional resources. The new retaliatory allegations in the complaint are merely a continuation of what has happened in the last year between the parties since the filing of the amended complaint, and the bulk of written document discovery has been completed. It is not anticipated that substantial additional written discovery would be necessary. Depositions have not even yet commenced, and this second amended complaint will not change the number of depositions to be conducted, as Superintendent Hamilton and Human Resources Director Tiggs were already identified and noticed by Plaintiff to be deposed anyway in this case. Additionally, Defendants always have had notice and knowledge of Plaintiff's claims. Finally, there can be no argument from Defendants that Plaintiff is filing this amendment with bad faith delay, as many of the new allegations occurred recently and Plaintiff cannot possibly file multiple amended complaints with every new act of retaliation. As Plaintiff filed her initial Complaint and First Amended Complaint *pro se*, it also is reasonable for her to seek leave to amend the Complaint now that she has retained counsel. As noted above, the proposed second amended complaint does not significantly change the scope of fact discovery, and Plaintiff is prepared to proceed promptly to commence depositions once the status of the instant motion to amend the second amended complaint is resolved.

Accordingly, as an amendment would not result in prejudice to Defendants, Plaintiff's motion to file the counseled Second Amended Complaint should be granted in its entirety.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for leave to file the Second Amended Complaint, annexed hereto, should be granted.

3

Respectfully submitted,

**GLASS HARLOW & HOGROGIAN LLP**
Attorneys for Plaintiff
85 Broad Street
16th Floor – WeWork
New York, NY 10004
(212) 537-6859


By:     s/ Bryan D. Glass

        BRYAN D. GLASS, ESQ.