UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPHINE KIRKLAND-HUDSON,

        Plaintiff,

-against-

MOUNT VERNON CITY SCHOOL DISTRICT, *et al.,*

        Defendants.

No. 21-CV-695 (KMK)

ORDER TO AMEND

---

KENNETH M. KARAS, United States District Judge:

    Josephine Kirkland-Hudson ("Plaintiff") brings this Action against Mount Vernon City School District ("MVCSD"), Felicia Gaon ("Gaon"), Susan Burnett ("Burnett"), Rachel DePaul ("DePaul"), and Karalyne Sperling ("Sperling"; collectively, "Defendants") under the Americans with Disabilities Act ("ADA") (42 U.S.C. § 120101 *et seq.*), Title VII of the Civil Rights Act of 1964 ("Title VII") (42 U.S.C. § 2000e *et seq.*), 42 U.S.C. § 1981, and the Family and Medical Leave Act ("FMLA") (29 U.S.C. §§ 2601–2654) as well as New York State Human Rights Law (N.Y. Exec. Law § 290 *et seq.*), alleging that Defendants discriminated against her based on her race as well as her disabilities. (*See generally* Am. Compl. (Dkt. No. 4).)

    Plaintiff, originally pro se, filed her first complaint on January 26, 2021. (Compl. (Dkt. No. 1).) Plaintiff filed an amended complaint pro se as of right on March 30, 2021, adding an additional claim under the FMLA and adding an additional defendant Karalyne Sperling. (Am. Compl.) Defendants filed an Answer on June 3, 2021. (Dkt. No. 17.) Prior to Plaintiff's retention of counsel and before discovery commenced, the Parties held a mediation conference on August 4, 2021, which was not successful in resolving the case. (Dkt. (minute entry of Aug. 9, 2021).) Following the mediation session, Plaintiff retained counsel. (Dkt. No. 22.)

An initial case management conference was held before the Court on October 22, 2021. (*See* Dkt. (minute entry of Sep. 30, 2021).) The Case was also referred to Magistrate Judge Krause for pretrial discovery issues. (*See id.*) Discovery commenced apace and the Parties have engaged in several status conferences with Magistrate Judge Krause. (Dkt. (minute entries of Dec. 14, 2021, and Jan. 21, 2022.) Defendants aslo submitted an Amended Answer to the Amended Complaint on February 1, 2022. (Dkt. No. 37.)

At a status conference before Magistrate Judge Krause on February 23, 2022, Plaintiff informed Defendants that she was considering requesting leave to file a second amended complaint. Plaintiff ultimately filed a Motion for Leave to file a second amended complaint, (the "Motion"), on March 28, 2022. (Not. of Mot. (Dkt. No. 48); Pl.'s Mem. of Law in Supp. of Mot. to Amend ("Pl.'s Mem") (Dkt. No. 49).) Three weeks later, on April 18, 2022, Defendants filed a memorandum of law in opposition to the Motion. (Defs.' Mem. of Law in Opp. of Mot. (Dkt. No. 50).) On May 11, 2022, Plaintiff filed a reply memorandum of law in further support of the Motion. (Pl.'s Reply Mem. of Law in Supp. of Mot. to Amend ("Pl.'s Reply Mem") (Dkt. No. 54).)

Four days later, Defedants filed a separate collateral Letter Motion to stay discovery during the pendency of the Court's determination of the Motion. (Dkt. No. 51.) In this letter Motion, Defendants represented Plaintiff's position as follows:

> Plaintiff does not believe a formal stay of discovery is necessary but is amenable to delaying scheduling depositions and extending the fact discovery deadline until after the pending motion to amend is decided. Plaintiff would like to continue seeking to resolve alleged deficiency issues regarding outstanding document discovery while the motion to amend is pending.

(*Id.* at 1.) Following a request from the Court, (*see* Dkt. No. 52), Plaintiff expounded upon the propriety of the request, (Dkt. No. 53).

With regard to the substance of the Motion, Plaintiff seeks to add allegations that speak to "additional acts of retaliation over the past year," which speak broadly to the allegations put forward in the Complaint as well as the Amended Complaint. (*See* Pl.'s Mem. 1.)  Defendants oppose leave, arguing that it is futile and that it would prejudice them.  (*See generally* Defs.' Mem.)  The Court disagrees.

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course within . . . (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1).  Otherwise, the Rule states, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Beyond these specific rules, Rule 15 instructs courts be lenient with respect to amendments:  "The court should freely give leave when justice so requires."  *Id.*  The Supreme Court summarized the permissive structure as follows: "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  *U.S. For & on Behalf of Mar. Admin. v. Cont'l Illinois Nat. Bank & Tr. Co. of Chicago*, 889 F.2d 1248, 1254 (2d Cir. 1989) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  In this spirit, "[c]ourts therefore usually look favorably on requests to amend under Rule 15(a)," *Oppenheimer & Co. Inc. v. Metal Mgmt., Inc.*, No. 08-CV-3697, 2009 WL 2432729, at *2 (S.D.N.Y. July 31, 2009) (citing *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)), *objections overruled*, 2010 WL 743793 (S.D.N.Y. Mar. 2, 2010), "deny[ing] leave where necessary 'to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive,'" *Goldstein v. Hulihan*,

No. 09-CV-6824, 2012 WL 1438251, at *1 (S.D.N.Y. Apr. 25, 2012) (quoting *Littlejohn v. Arluz*, 271 F.3d 360, 363 (2d Cir. 2001)).

First, Defendants' argument of undue delay and prejudice cannot pass muster. Undue prejudice speaks to "whether the amendment will require the opposing party to expend significant resources in discovery and whether resolution of the dispute will be delayed." *E.E.O.C. v. Morgan Stanley & Co.*, 211 F.R.D. 225, 227 (S.D.N.Y. 2002); *cf. In re Livent Sec. Litig.*, 193 F. Supp. 2d 750, 753 (S.D.N.Y. 2002) (denying leave to amend a complaint citing, inter alia, analogous concerns regarding delays). The Court agrees with Plaintiff's observation that the proposed changes do not substantially alter the scope of fact discovery, (*see* Pl.'s Mem. 3; Pl.'s Reply Mem. 4). Moreover, slight delays are insufficient to merit denial of a motion to leave. As another court in this district once observed, "it is difficult to imagine an amendment to pleadings under Rule 15(a) that would not create some increased work to the opposing party. Nevertheless, such amendments are to be allowed 'freely.'" *Int'l Bank v. Price Waterhouse & Co.*, 85 F.R.D. 140, 142 (S.D.N.Y. 1980).

Second, "the Court cannot determine at this point that [] [P]laintiff's amendment would be futile." *Twahir v. Vill. Care of N.Y., Inc.*, No. 10-CV-9452, 2011 WL 2893466, at *1 (S.D.N.Y. July 12, 2011). As Plaintiff explained in her reply memorandum, Plaintiff has made new allegations that sufficiently plead violations of law, either in isolation or in conjunction with the allegations made in the prior complaint. (*See* Pl.'s Reply Mem.) In other words, "[w]ithout passing in advance on the merits of any subsequent motion brought by a party concerning the legal sufficiency of the proposed amended complaints' claims, the Court cannot conclude at this time that the contemplated amendments are futile." *Alfadda v. Fenn*, No. 89-CV-6217, 1993 WL 307757, at *2 (S.D.N.Y. Aug. 6, 1993). On this point, the Court is mindful that amendment

4

under Rule 15 is designed to afford litigants "maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." *Bond v. Nolan*, No. 89-CV-357, 1994 WL 132139, at *1 (S.D.N.Y. Apr. 11, 1994).

Finally, "policy considerations for pro se litigants who later obtain the benefit of counsel" militate towards granting leave. *Mallory v. Bolton*, No. 19-CV-120, 2021 WL 1692155, at *2 (W.D. Ky. Apr. 29, 2021). Indeed, "it is appropriate to provide recently-retained counsel an opportunity to correct the deficiencies in the plaintiff's original pro se pleading." *Morales v. N.Y.S. Dep't of Lab.*, No. 06-CV-899, 2010 WL 11681390, at *2 (N.D.N.Y. Apr. 21, 2010); *see also Baker v. Bensalz Prods., Inc.*, No. 20-CV-3342, 2021 WL 4267594, at *2 (S.D.N.Y. Sept. 20, 2021) ("[T]he Court agrees with the Plaintiffs that the precise circumstances of this litigation—and in particular, the fact that new counsel entered an appearance and wishes the opportunity to raise all relevant factual and legal claims in the TAC—warrant granting the motion."); *Weese v. Wyndham Vacation Resorts*, No. 3:07-CV-433, 2009 WL 1884045, at *2 (E.D. Tenn. June 30, 2009) (noting that "good cause" to allow an amendment likely exists where a *pro se* plaintiff obtains counsel close in time to the expiration of a court's scheduling deadline).

Moreover, that Plaintiff obtained counsel in mid-September 2021 and counsel only raised this issue in February 2022 does not outweigh these considerations; counsel can take some time to get up to speed on the facts of a case, particularly where new pertinent allegations have arisen, as is alleged in this Action. To the extent Defendants imply that counsel's delay speaks to a dilatory motive, "the delay here is much smaller than that which courts have found suspect— generally, delay until the eve of trial." *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 97 (S.D.N.Y. 2010) (collecting cases). Moreover, denying leave to amend here for sake of delay would perversely incentivize counsel to move to amend every single time there is even a single

new allegation, thereby underming "judicial efficiency[,] which justice requires." *Tapia v. Huaquechula Rest. Corp.*, No. 18-CV-10771, 2020 WL 3893314, at *2 (S.D.N.Y. July 10, 2020).

## CONCLUSION

Plaintiff's Motion to Amend is granted. Plaintiff has one week from the date of this Order to file a Second Amended Complaint.[1] The clerk is therefore respectfully directed to terminate the pending Motion, (Dkt. No. 48).

Because Plaintiff is now permitted to file a Second Amended Complaint, the Court denies as moot Defendants' Motion to Stay, (Dkt. No. 51). To the extent necessary, the Parties should confer regarding the adjustments that will need to be made to the existing discovery schedule and make an appropriate application to the Court.

SO ORDERED.

Dated: May 16, 2022
White Plains, New York

KENNETH M. KARAS
United States District Judge

---

[1] The Court is sympathetic to Plaintiff's argument that Defendants have seemingly tried to utilize their opposition to this Motion as a Motion to Dismiss, (*see* Pl.'s Reply Mem 1; *see also* Dkt. No. 53). With that said, Defendants are free to request leave to move to dismiss the SAC in its entirety, pursuant to the Court's individual rules, upon Plaintiff's re-filing.